UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LURLINE SMITH, individually and on behalf of all others similarly situated;<br><br>         Plaintiff,<br><br><br><br><br>  -v.-<br><br>GC SERVICES LIMITED PARTNERSHIP<br>JOHN DOES 1-25<br><br>         Defendant. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lurline Smith (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action

Complaint by and through her attorneys, RC Law Group, PLLC, against Defendant GC Services

Limited Partnership (hereinafter "Defendant"), individually and on behalf of a class of all others

similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon

information and belief of Plaintiff's counsel, except for allegations specifically pertaining to

Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15

U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices

contribute to the number of personal bankruptcies, to material instability, to the loss of jobs,

and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re

1

inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.      Plaintiff is a resident of the State of New Jersey, County of Bergen, residing at 563 Palisade Avenue, Teaneck, NJ 07666.

8.      GC Services Limited Partnership is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 6330 Gulfton, Houston, TX 77081.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant is a "debt collector", as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

   a.   all individuals with addresses in the State of New Jersey;

   b.   to whom GC Services Limited Partnership sent a collection letter attempting to collect a consumer debt;

   c.   that falsely states that interest, late charges and other charges are still accruing ;

   d.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

3

15.    Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.    There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A**, violate 15 U.S.C. §§ l692e and 1692f.

17.    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.  **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal

issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. § l692e and §1692f.

c. **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to June 22, 2017, an obligation was allegedly incurred to Department Stores National Bank ("DSNB").

23.     The DSNB obligation arose out of a transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24.     The alleged DSNB obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     DSNB is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.     DSNB, or a subsequent owner of the DSNB debt, contracted the Defendant to collect the alleged debt.

27.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and internet.

### *Violation I – June 22, 2017 Collection Letter*

28.     On or about June 22, 2017, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to DSNB. **See Exhibit A.**

29.     The top of the letter states "New Balance: $852.57".

6

30.     The very bottom of the letter contains a note, stating:

"*As of the date of this letter, you owe $852.57. Because of interest, late
charges, and other charges that may vary from day to day, the amount
due on the day you pay may be greater."*

31.     This language is confusing to Plaintiff since using the statement of New Balance

implies that the balance has increased.

32.     Defendant is aware that during the collection of this debt the balance will not vary

at all and stating that it may increase and using the "new balance" language is merely a

deceptive collection tactic.

33.     Stating that the account may accrue interest and other charges is materially

misleading to Plaintiff since it a knowingly false statement.

34.     Plaintiff incurred an informational injury as Defendant falsely stated that interest

and fees would be accruing when they were not.

35.     As a result of Defendant's deceptive, misleading and unfair debt collection

practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

36.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

above herein with the same force and effect as if the same were set forth at length herein.

37.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

39.     Defendant violated §1692e :

a.  As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

b.  By making a false and misleading representation in violation of §1692e(10).

40.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

41.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

43.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

44.    Defendants violated this section by threating a false increase of interest and fees, while also included the heading of New Balance, when the balance has remained the same.

45.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

46.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lurline Smith, individually and on behalf of all others similarly

situated, demands judgment from Defendant GC Services Limited Partnership, as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying

Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and

expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may

deem just and proper.


     Dated:  Hackensack, New Jersey
             May 18, 2018


                                          /s/ Yaakov Saks
                                   By:  Yaakov Saks
                                   **RC Law Group, PLLC**
                                   285 Passaic Street
                                   Hackensack, NJ 07601
                                   Phone: (201) 282-6500
                                   Fax: (201) 282-6501
                                   *Attorneys For Plaintiff*